## Ben Goldstein v. The State.

No. 1088. Decided March 29, 1911.

**Carrying Pistol—Sufficiency of the Evidence.**

Where, upon trial of unlawfully carrying a pistol, the evidence was sufficient to support the conviction, there was no error; although the explanation offered by defendant, if true, entitled him to an acquittal.

Appeal from the County Court of Tarrant. Tried below before the Hon. R. E. Bratton.

Appeal from a conviction of unlawfully carrying a pistol; penalty, a fine of $100.

The State's testimony showed that defendant was arrested while he was drawing his pistol on another party on the streets of the town. The defense testimony showed that defendant at the time he was arrested was carrying the pistol to his sister-in-law, who had asked him to get it for her for her self-protection, as she was alone, and that defendant was attacked on his way to his sister-in-law, when he was found drawing his pistol.

The State introduced evidence in rebuttal of the defense testimony and attacked the credibility of defendant's witnesses.

No brief on file for appellant.

*C. E. Lane,* Assistant Attorney-General, for the State.

HARPER, JUDGE.—Appellant was charged upon information and complaint with the offense of unlawfully carrying a pistol, and upon conviction his punishment was assessed at a fine of $100 and thirty days imprisonment in the county jail.

The only assignment of error is that the evidence is insufficient to support the judgment. The State proved that a pistol was taken off of defendant. The defendant offered an explanation which, if true, entitled him to an acquittal. The State introduced a witness to prove the falsity of the explanation. The jury heard the defendant's explanation of his possession of the pistol, and the State's testimony. They evidently did not believe the witnesses for defendant, but did believe the State's theory. Under these circumstances we will not disturb the jury's findings.

The judgment is affirmed.

*Affirmed.*